UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SURISADAY ORDAZ,

    Plaintiff,

v.                              CASE NO: 8:15-cv-2016-T-33TGW

NANCY BERRYHILL, Commissioner
of Social Security,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Surisaday Ordaz's Unopposed Amended Petition for Attorney's Fees (Doc. # 26), filed on June 15, 2017. Plaintiff is seeking an award of $5,084.40 in attorney's fees and is not seeking an award of costs. For the reasons that follow, the Court grants the motion.

**A.**    **Eligibility for Award of Fees**

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requires an award of attorney's fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of Social Security Administration Agency action, unless the Court determines that the position of the United States was substantially justified or that special circumstances exist and make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

1. **Prevailing Party**

The Judgment in this case reversed the final decision of the Commissioner and remanded the case for further consideration pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). (Doc. ## 21, 22). "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Thus, Plaintiff qualifies as the prevailing party in this action.

2. **Timely Application**

The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). This case was remanded upon order of this Court on January 20, 2017.

(Doc. # 22). Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), either party had 60 days from January 20, 2017, to file an appeal (March 21, 2017). The judgment became final 30 days later on April 20, 2017. Plaintiff initially sought attorney's fees in a timely Motion filed on April 20, 2017. (Doc. # 23). However, the Court denied the Motion without prejudice due to failure to comply with Local Rule 3.01(g). (Doc. # 25). Plaintiff filed a renewed Motion for attorney's fees on June 15, 2017. Because the initial request for attorney's fees was presented in timely manner, the Court finds that the present Motion, which is unopposed, relates back to the timely initial Motion and is therefore timely.

### 3. Claimant's Net Worth

Plaintiff's counsel represents to the Court that Phillips' net worth was less than $2 million at the time this action was filed (Doc. # 26 at 3), and the Commissioner does not contest this assertion. Accordingly, the Court finds this requirement to be satisfied.

### 4. Lack of Substantial Justification

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies [this] burden, the government's position will be

deemed not substantially justified." <u>Kimble ex rel. A.G.K. v. Astrue</u>, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012). In this case, the Commissioner does not dispute the issue of substantial justification. Thus, the Court finds that the government's position was not substantially justified.

**5. No Special Circumstances**

Finally, the Commissioner has not made a claim that any special circumstances exist that countenance against the awarding of fees. Accordingly, the Court finds no special circumstances indicating an award of fees would be unjust.

**B. Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. Plaintiff requests an award of $5,084.40 in attorney's fees, representing 5.2 hours in 2015 at an hourly rate of $190.28; 17.7 hours in 2016 at an hourly rate of $192.68; and 3.5 hours in 2017 at an hourly rate of $195.57.

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines an

increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. § 2412(d)(2)(A)(ii).

The Court determines the requested hourly rate is appropriate. Here, the proposed hourly rate is unopposed. Thus, the Court will adopt the proposed hourly rate.  The Court also determines that 26.4 hours of attorney time is reasonable in this case, and is consistent with time expenditures approved in other Social Security cases.

C. **Payment of Fees**

The Supreme Court established in <u>Astrue v. Ratliff</u>, 560 U.S. 586 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to her attorney.  The parties have not supplied the Court with information regarding whether Plaintiff owes a debt to the federal government.  Based upon this open issue, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Surisaday Ordaz's Unopposed Amended Petition for Attorney's Fees (Doc. # 26) is **GRANTED** in the requested amount of $5,084.40.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of June, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE